J. P. Ward Foundries, Inc. v. Commissioner.
J. P. Ward Foundries, Inc. v. Commissioner
Docket No. 111834.
United States Tax Court
1943 Tax Ct. Memo LEXIS 401; 1 T.C.M. (CCH) 763; T.C.M. (RIA) 43128; March 17, 1943
*401 William Cogger, Esq., 315 Evening Star Bldg., Washington, D.C., for the petitioner. Myron S. Winer, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income taxes as follows: Year
Deficiency
1937
$ 306.34
1938
1,367.36
1939
9,035.93
Various errors are alleged, some of which have been abandoned by petitioner and one of which was conceded by respondent. The respondent alleged, by amended answer, error in his determination of the amount of an allowance for salaries paid to Charles B. Ward and Mrs. Christina B. Ward for the year 1938. The sole issue is the reasonableness of the various salaries paid by the corporation. [The Facts] Petitioner is a corporation organized in December 1924 under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Blossburg, Pennsylvania. Since its incorporation it has been engaged in the manufacture of plumbing supplies. Its income and excess-profits tax returns for the years in question were filed with the collector of internal revenue for the Twelfth District of Pennsylvania. The returns were prepared on the accrual basis. In his *402 notice of deficiency, respondent disallowed as deductions from gross income for each of the three calendar years an item of $2,500 claimed by petitioner as salary paid to Mrs. Sybil Fennell, and also disallowed as a deduction from gross income for the calendar year 1939 the sum of $30,000 of the items of $25,681.08 and $17,291.63 claimed by the petitioner in its return as compensation of officers paid to Charles B. Ward and Mrs. Christina B. Ward. By his amended answer, respondent claims that he erred in allowing for the year 1938 salaries of $13,601.54 and $5,833.31 claimed by petitioner as compensation of officers paid to the same persons, respondent alleging that salaries of $9,500 and $750, respectively, are reasonable. The petitioner corporation was founded by Joseph P. Ward, a man of long experience and special knowledge and skill in the foundry business. Through his efforts petitioner built up a successful enterprise. Joseph P. Ward died September 8, 1938. He was a man of strong and dominating personality and made his own decisions. During his operation of petitioner, he built up a capable staff of employees, who received salaries approximately as follows: Superintendent, general manager, and
treasurer
$ 3,000.00
Foreman and vice-president (owner of
73 shares of stock)
10,500.00
Machine shop foreman $2,500.00
to 3,000.00
Cost accountant 2,500.00
to 3,000.00
Office manager and assistant secretary
(owned 25 shares of stock)
4,600.00
Sales manager
3,000.00
Traffic and shipping clerk
2,500.00
*403 During the taxable years Joseph P. Ward or his estate held a majority of the issued and outstanding capital stock of the petitioner. For the years 1930 to 1939, inclusive, the net profits of petitioner and the aggregate dividends paid on common and preferred stock were as follows: Year
Net Profits
Dividends
1930
$53,712.09
$29,574.50
1931
10,207.45
999.00
1932
5,106.04
993.00
1933
38,428.42
991.50
1934
60,669.09
8,293.00
1935
79,186.42
50,973.50
1936
21,900.98
20,967.48
1937
29,255.29
30,916.50
1938
31,973.37
894.00
1939
15,126.42
891.00
Except for its shipping room, the entire plant and facilities of the petitioner were destroyed by fire on December 13, 1938. The plant was rebuilt but normal operations were not resumed until 1940. Gross sales and gross profits of the petitioner for the taxable years were as follows: 1937
1938
1939
Gross
sales
$685,846.29
$528,822.61
$113,821.10 *
Gross
profit
176,366.55
124,597.84
47,499.25
Previous to September 15, 1938, Mrs. Christina B. Ward received no salary from petitioner. During 1938 and 1939 *404 she devoted part of her time to the business of petitioner. Mrs. Sybil W. Fennell performed no services for the petitioner in any of the years 1937, 1938 and 1939. Charles B. Ward was born September 12, 1913, and at the time of his father's death in 1938 was 25 years of age. He had attended high school and had been a student at Dickerson Seminary, Penn State College and Rochester Business Institute. In none of these schools did he complete the course. For several summers prior to 1937 he worked for petitioner in various capacities, receiving such wages as were paid to the employee beside whom he was working. He had no executive or managerial experience prior to September 8, 1938. At a meeting of the board of directors of petitioner on September 15, 1938, Charles B. Ward was elected president and his salary fixed at $2,500 per month, or $30,000 per year. [Opinion] On the above facts, petitioner contends that the several deductions are allowable. We are unable to agree. As to the payment of $2,500 to Mrs. Fennell, petitioner in its petition alleged that Mrs. Fennell performed services for petitioner after the death of her husband in 1936. At the hearing he testified she performed *405 no services. Confronted by this fact on brief petitioner contends the item is deductible as a payment of salary due because of past services of the deceased husband, citing article 23(a)-9, Regulations 101, which provides: "* * * When the amount of the salary of an officer or employee is paid for a limited period after his death to his widow or heirs in recognition of the services rendered by the individual, such payments may be deducted. * * *." Obviously, the payments were not deducted as salary paid to Mrs. Fennell, nor do we believe they are deductible under the cited regulation. No salary had been paid to the deceased husband nor is there any evidence of the extent or value of his services or that a rate of pay had been agreed upon. The fact that after his death a controversy arose and payments were made to the widow by way of settlement does not, alone, establish the deductibility of the item as continuing payments of his salary. Respondent's action is approved. We likewise approve, for failure of proof of error, respondent's action in reducing the 1939 salaries by the amount of $30,000. The record is almost devoid of evidence of any probative value on the question. It does *406 reveal, however, that considering the youth, inexperience, lack of special training, and general qualifications of Charles B. Ward, as well as the salaries paid to able, experienced employees, respondent was fully justified in his conclusion that the salary paid was unreasonable for the services performed. Ward made no contribution in services to petitioner corporation to justify the salary of some $26,000. Nor did Mrs. Ward justify the salary of some $17,000 for 1939. She had neither the training nor experience especially to equip her for the position she held. She was primarily a housewife maintaining the home. She gave but part of her time to the business and, so far as the record reveals, made no outstanding contribution to the corporation. The record wholly fails to sustain the burden of proving respondent's judgment to be erroneous. Respondent is sustained as to 1939. As to the year 1938 the respondent has the burden of proof of his own error. We believe the record sustains the allegation of error in so far as concerns Mrs. Christina B. Ward. The payment of $5,833.31 for the period September 15, 1938 to December 31, 1938 was clearly excessive. We fix the sum of $1,250 as a *407 reasonable allowance for her salary for such period. As to Charles B. Ward, the salary of $13,601.54 for the entire year, during part of which he was president of the corporation, is not so large as to be shocking. We do not believe the respondent has sustained his burden of proving the allowance of this item to be erroneous. Decision will be entered under Rule 50.
Footnotes
*. Includes recovery of $42,720 for inventory destroyed by fire on December 13, 1938.↩